1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

　　　　　　　　　Plaintiff,

　　v.

DARYL SHEARS,

　　　　　　　　　Defendant.

CASE NO. CR08-0307-JCC

ORDER

This matter comes before the Court on Defendant Daryl Shears' motion for early termination of supervised release (Dkt. No. 322) and the Government's motion to seal (Dkt. No. 325). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENYS Defendant's motion (Dkt. No. 322) and GRANTS the Government's motion (Dkt. No. 325) for the reasons explained herein.

I.　　BACKGROUND

On August 14, 2009, Defendant was sentenced to 188 months of imprisonment on one count of conspiracy to distribute cocaine. (Dkt. No. 257.) On March 16, 2015, the Court reduced Defendant's sentence to 131 months by retroactively applying the U.S. Sentencing Commission's 2014 Drug Quantity Table amendments to Defendant's initial sentencing. (Dkt. No. 318 at 1–3.) On April 27, 2017, upon release from custody, Defendant began a five-year term of supervised release. (Dkt. No. 322 at 2.) Since that time, he has had two probation

violations for the use of marijuana, on or about December 13, 2018 and March 8, 2019. (Dkt. Nos. 320, 321.) He has maintained a stable job, home, and supportive relations with his family while on supervised release. (Dkt. No. 322 at 2.) His job is full-time with good pay, but is seasonal and without benefits. (*Id.* at 5.)

After completing approximately two-and-a-half years of supervised release, Defendant now moves for early termination of supervision, in part because he believes that his supervision status precludes him from obtaining permanent employment. (*Id.* at 5–6.) Both the Government and Probation Department object to early termination. (*See* Dkt. No. 324.) The Government also filed Defendant's presentence report (Dkt. No. 326) with its response brief, which it asks the Court to maintain under seal. (*See* Dkt. No. 325.)[1]

## II.    DISCUSSION

The Court may terminate a defendant's term of supervised release after the completion of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

The Court considers the § 3553(a) factors in light of Defendant's case. Defendant's offense was serious, as it involved a high quantity of cocaine and Defendant's attempt to hide evidence with his minor stepson. (*See* Dkt. No. 318 at 1–2.) The Court acknowledges Defendant's addiction and difficult upbringing as underlying influences on his criminal behavior.

---

[1] It is appropriate to seal the presentence report, which was not filed at the time of sentencing. This District seals all presentence reports as a matter of course. *See* W.D. Wash. Local Crim. R. 32(d)(5).

(Dkt. No. 322 at 3–4.) That said, Defendant has an extensive criminal history, with several similar drug convictions prior to this case. (*See* Dkt. Nos. 230 at 7, 235 at 10–20.)

Defendant has completed the Residential Drug Abuse Program and has not relapsed on cocaine or other hard drugs. (Dkt. No. 322 at 4.) However, he has had two marijuana violations in the past eight months, and has still not completed a drug assessment and complied with the recommended treatment. (Dkt. No. 322 at 4.) Defendant maintains a steady job that he hopes to make permanent and has a strong work ethic, as confirmed by his supervisor. (*Id.* at 5–6.) In his commitment to rehabilitation, his job, and his family, Defendant has welcomed new influences that guide him away from crime. (*See id.* at 3–5; *see also* Dkt. No. 318 at 5–6.)

Given Defendant's past criminal history, and his recent probation violations, the Court believes that a continued period of supervised release will have some deterrence value. Similarly, the Court believes that continued supervision will help to protect the public from further crimes. Finally, the Court does not view early termination of Defendant's supervision as a source of disparity. Defendant has served 131 months of incarceration and about half of his five-year term of supervision. (Dkt. No. 322 at 2.) The Court granted early termination for Defendant's co-defendant Felicia Bowen, who had similar convictions and spent less time in prison and on supervised release. *See United States v. Felicia Bowen*, Case. No. CR08-0307-JLR, Dkt. Nos. 289, 290 (W.D. Wash. 2013).

In consideration of all the 18 U.S.C. § 3553(a) factors the Court finds that early termination at this juncture is not in the interests of justice. The Court gives particular weight to the seriousness of Defendant's defense, his related criminal history, and his recent performance on supervised release.

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 322) is DENIED. The Government's motion to seal (Dkt. No. 325) is GRANTED. The Clerk shall maintain Docket Number 326 under seal until further order of the Court.

DATED this 19th day of August 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE